CARAWAY, J.,
dissenting.
hi respectfully dissent. The malpractice actions and inactions presented by the plaintiffs’ pleadings and the affidavit of their expert, Dr. Borzell, centered upon the following breaches of the standard of care by Nurse McGovern, as listed by Dr. Borzell:
(1) She failed to order a basic metabolic panel in order to evaluate Mr. Fields’ state of hydration and electrolyte levels which are of concern in a patient with protracted diarrhea, and especially critically in a patient with a renal transplant whose renal function must be carefully guarded;
(2) She failed to send stool specimens to the lab for culture and sensitivity and ova and parasites which are mandated in patient with persistent diarrhea such as Mr. Fields;
(3) She failed to schedule a follow-appointment in the office despite the severity of Mr. Fields’ symptoms and the marked weight loss documented in her note;
(4) She prescribed Flagyl, an antibiotic which may cause or potentiate diarrhea, without a definite indication, as her apparent impression was that the diarrhea was somehow caused by his renal transplant status rather than a bacterial infection.
Dr. Borzell also asserted that Dr. Smith “failed to ensure that his nurse practitioner was able to recognize that the patient who had a renal transplant is at risk of morbidity and mortality due to prolonged diarrhea.”
From my review of the medical panel’s opinion, the three doctors’ focus was also *819 on the treatment and monitoring of this renal transplant patient. Importantly, there was no mention by the panel of a heart attack.
Unlike Dr. Borzell’s conclusion from her review of the medical records, the panel’s ruling rested upon the failure of Fields to return “as instructed” for follow-up treatment within 48 hours. (The relevance of that, which obviously caught the attention of the panel, has nothing to do with a | ¡Jieart attack.) The panel’s opinion does not list in detail the medical records it examined nor whether Nurse McGovern’s testimony was considered. The defense did not offer in support of its motion her testimony concerning her directives to Fields to return for follow-up treatment. Accordingly, a material fact issue regarding the proper instructing and monitoring of Fields is present. As recognized by the majority, material issues over the breach of the standard of care are thus conceded by the defense regarding the administration of the drug and the instructing and monitoring of the patient.
To divert attention from the panel and plaintiffs’ alleged focus of malpractice — the failure to test, prescribe for and monitor a renal transplant patient — the defense proposes that Fields died of a heart attack. Importantly, there is no medical opinion testimony offered by the defense that a heart attack occurred. While the death certificate lists an “acute cardiovascular event” and is signed by a doctor, the one-page Arkansas state certificate gives no qualifications for the doctor rendering the opinion, nor the sources of information for his opinion, including, for example, the doctor’s involvement with Fields at the time of death or the medical testing of the patient or his body. Under the Supreme Court’s ruling in Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226, this death certificate is insufficient to establish medical opinion testimony permissible for consideration in this motion for summary judgment setting.
Furthermore, to be clear, this heart attack issue is a defense in this case, in my opinion. Thus, it is not the plaintiffs’ burden of proof in this motion for summary judgment setting to show how they might prevail at the Dtrial by refuting this ill-established, hearsay heart attack. Moreover, a mis-monitored malady with one function of the body may lead to the heart failure associated with death.
The burden of proof of this heart attack defense remained with movant and was never met. La. C.C.P. art. 966(C)(2). The plaintiffs’ expert indicates that dehydration associated with protracted diarrhea for this renal patient could cause death, and plaintiffs should have their day in court to prove Fields’ renal-related death notwithstanding defendants’ speculation about coronary artery disease. Material facts are present in this case and the motion for summary judgment was improper.